IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

STEVEN KARL EDWARD BRADFORD,

    Petitioner,

    v.                                        CIVIL NO.: WDQ-10-1562

KATHLEEN S. GREEN, *et al.*,

    Respondents.

MEMORANDUM OPINION

Pending is Steven Karl Edward Bradford's petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for Wicomico County, Maryland.[1] For the following reasons, the petition will be denied.

I.    Background

On February 23, 1998, Bradford pled guilty in the Circuit Court for Wicomico County, Maryland (the "state court") to first-degree assault and a related handgun offense. ECF No. 3 at 1. On May 29, 1998, that court sentenced him to 35 years. ECF No. 1 at 1. Because Bradford did not appeal his plea or sentence, his conviction was final on June 29, 1998. *See* ECF No. 3, Ex. 1; Md. R. 8-204(b).

On August 15, 1998, Bradford petitioned for post-conviction relief in the state court. ECF No. 3, Ex. 1 at 2. On October 23, 1998, he withdrew his petition without prejudice. *Id.*

---

[1] No hearing is necessary. *See* Local Rule 105.6 (Md. 2010).

On May 27, 2008, Bradford again petitioned for post-conviction relief in the state court, which was denied on January 13, 2009. *Id.* at 8. On May 27, 2010, the Court of Special Appeals of Maryland summarily denied Bradford's request for leave to appeal that ruling. *See* ECF No. 3, Ex. 2 at 1–2.

On June 14, 2010, Bradford filed a petition in this Court for writ of habeas corpus, attacking his state court conviction. ECF No. 1. On July 28, 2010, the respondents—Kathleen S. Green[2] and Douglas F. Gansler[3]—opposed the petition as untimely. ECF No. 3. On July 30, 2010, the Court granted Bradford a 30-day opportunity to reply. ECF No. 4. He has not.

II. Analysis

  A. Standard of Review

Under 28 U.S.C. § 2244(d), a person in custody because of a state court judgment has one year to file a habeas petition. The one-year period is extended if post-conviction proceedings are pending, or equitable tolling is warranted. *See* § 2244(d); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies when the delay was caused by (1) the respondent's "wrongful conduct," or (2) "extraordinary circumstances" beyond the petitioner's control. *See id.* at 330.

  B. Bradford's Petition

    1. The Petition Is Too Late

After Bradford's state court conviction became final on June 29, 1998, he had one year to file a habeas petition. *See* 28 U.S.C. § 2244(d). Because his state post-conviction proceeding was pending from August 15, 1998 to October 23, 1998 (69 days), he tolled the statute of limi-

---

[2] Warden of the Eastern Correctional Institution.

[3] Attorney General of Maryland.

tations and had until September 6, 1999 to seek habeas relief. He filed the instant petition on June 14, 2010. Because he does not assert that the respondents or "extraordinary circumstances" caused the delay, his petition is too late.

    2. Bradford Did Not Receive Ineffective Assistance

Had Bradford's petition been timely, it would lack merit. Bradford asserts that he received ineffective assistance of counsel because his lawyer did not (1) discuss imperfect self-defense with him, or (2) "inquir[e] as to what information and witnesses [Bradford] wanted to present" at his state court sentencing. ECF No. 1 at 6–7.

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show ineffective assistance, Bradford must prove that his lawyer's performance (1) "fell below an objective standard of reasonableness," and (2) prejudiced him. *Id.* at 687–88. There is a "strong presumption" that his lawyer's conduct "f[ell] within the wide range of reasonable professional assistance." *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

    a. Failure to Discuss Imperfect Self-Defense

Bradford asserts that had his lawyer "discussed the imperfect self-defense with him," which "mitigate[s] attempted murder down to voluntary manslaughter, [he] would not have pled guilty." ECF No. 1 at 6. But this bare, "self-serving" statement does not show a "reasonable probability" that Bradford only pled guilty because of his lawyer's failure to tell him about this defense. *See Johnson v. Moore*, 164 F.3d 624, 624 (4th Cir. 1998). Indeed, Bradford has not shown "objective evidence" that he would not have pled guilty. *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (requiring, for example, petitioner's plea negotiation history).

Also, Bradford has not shown that this defense would have succeeded at trial.[4] Thus, Bradford has not shown that his lawyer provided ineffective assistance in failing to tell him about imperfect self-defense. *See Strickland*, 466 U.S. at 686.

      b.  Failure to Consult with Bradford About Witnesses

Bradford asserts that his lawyer did not ask him about what "information and witnesses [Bradford] wanted to present" at his state court sentencing "to help mitigate his sentence." ECF No. 1 at 7. However, Bradford has not indicated which witnesses he would have sought, or that their testimony would have been "high[ly] probative . . . to generate saving doubt." *Washington v. Murray*, 952 F.2d 1472, 1479 (4th Cir. 1991). Furthermore, whether to call a certain witness is a strategic determination entitled to "great deference."[5] Bradford has not shown that his lawyer's failure to consult with him about witnesses "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88.

C. Certificate of Appealability

Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the Court's decision in a habeas proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). When a habeas petition is dismissed solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate that "jurists of reason would find it debatable" whether (1) "the district court was correct in its procedural ruling," *and* (2) "the petition states a valid claim of the denial of a constitutional right." *Rose v. Lee*, 252 F.3d 676, 684–85 (4th Cir. 2001) (internal

---

[4] *Okafor v. United States*, No. AW-10-0056, 2010 WL 3001978, at *2 (D. Md. July 29, 2010) (dismissing petitioner's claim that he would not have pled guilty had his lawyer informed him of the advice-of-counsel defense; petitioner could not show that the defense would have saved him from a prejudicial trial outcome).

[5] *Robinson v. United States*, No. PJM 07-2528, 2008 WL 5135166, at *4–*5 (D. Md. Dec. 3, 2008) (a "presumption of reasonableness" attaches to a lawyer's decision to not call specific witnesses).

quotation marks omitted) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

Here, reasonable jurists could not debate that Bradford's petition was untimely, *see supra* Part II.B.1, or that it failed to establish the denial of a constitutional right, *see supra* Part II.B.2. Thus, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Bradford's petition will be denied.

December 6, 2010                                                                /s/
Date                                                                                      William D. Quarles, Jr.
                                                                                         United States District Judge